
IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION
_____

| | | |
|---|---|---|
| LARRY WAYNE COOK, PRO SE, | § | |
| TDCJ-CID #487672, | § | |
| Previous TDCJ-CID #435846, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 2:07-CV-0180 |
| | § | |
| CHARLES SHIPMAN, Parole Commissioner, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

Plaintiff LARRY WAYNE COOK, acting *pro se* and while incarcerated as a prisoner in the Texas Department of Criminal Justice, Correctional Institutions Division, has filed suit pursuant to Title 42, United States Code, section 1983 complaining against the above-referenced defendants and has been allowed to proceed *in forma pauperis*.

Plaintiff claims defendant SHIPMAN "discovered and acquired information . . . of extraneous out of state charges filed against plaintiff in 1977 in Alameda County, California," presented this information to the members of the Gatesville Office Board Panel and influenced the Panel to impose special conditions M and X to plaintiff's parole in 2002. Special conditions M and X are requirements that plaintiff register as a sex offender and receive sex offender treatment. Plaintiff says he was never convicted of a sexual offense.

By his February 28, 2008 Show Cause Response, plaintiff states his parole was "technically revoked" in 2007 "because of his repeated complaints" about parole conditions M and X. Plaintiff pleads there is a reasonable probability that these same conditions "could be 'retroactively negligently and illegally imposed upon plaintiff's parole again in 2009.'"

Plaintiff requests Declaratory Judgment that the defendant violated plaintiff's constitutional rights knowingly and maliciously with the intent to harm plaintiff; a temporary and permanent injunction restraining the defendant from presenting any information indicating plaintiff is or was a sex offender; and monetary damages, attorney's fees and court costs.

**JUDICIAL REVIEW**

When a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, the Court must evaluate the complaint and dismiss it without service of process, *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990), if it is frivolous[1], malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. 1915A; 28 U.S.C. 1915(e)(2). The same standards will also support dismissal of a suit brought under any federal law by a prisoner confined in any jail, prison, or other correctional facility, where such suit concerns prison conditions. 42 U.S.C. 1997e(c)(1). A *Spears* hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991)[2].

The District Judge has reviewed plaintiff's pleadings to determine if his claims present grounds for dismissal or should proceed to answer by defendants.

---

[1] A claim is frivolous if it lacks an arguable basis in law or in fact, *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir. 1993); *see, Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992).

[2] *Cf*, *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986) ("Of course, our discussion of *Spears* should not be interpreted to mean that all or even most prisoner claims require or deserve a *Spears* hearing. A district court should be able to dismiss as frivolous a significant number of prisoner suits on the complaint alone or the complaint together with the *Watson* questionnaire.").

**THE LAW AND ANALYSIS**

*Declaratory Relief*

Plaintiff pleads that his parole was revoked because of his complaints concerning the imposition of unconstitutional conditions of parole. Any section 1983 claim which attacks the unconstitutionality of a conviction (or imprisonment, as the case may be) does not accrue until that conviction (or sentence) has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Wells v. Bonner*, 45 F.3d 90, 94 (5th Cir. 1995) (quoting *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 2372, 129 L.Ed.2d 383 (1994). It appears a favorable determination of this claim and a grant of declaratory relief would cast doubt on the validity of plaintiff's 2002 parole revocation, leading to plaintiff's expedited release from his present incarceration. Thus, plaintiff's claim is presently barred until the *Heck* conditions have been met.

*Injunctive Relief*

Plaintiff's claim for injunctive relief is not ripe. The doctrine of "[r]ipeness is a justiciability doctrine designed 'to prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements over administrative policies, and also to protect the agencies from judicial interference until an administrative decision has been formalized and its effects felt in a concrete way by the challenging parties.'" *Sample v. Morrison*, 406 F.3d 310, 312 (5th Cir. 2005)(citing *National Park Hospitality Ass'n v. Department of Interior*, 538 U.S. 803, 807-08, 123 S.Ct. 2026, 155 L.Ed.2d 1017 (2003). Plaintiff has presented no allegation of fact showing he will in fact, be paroled in 2009 and what conditions will be imposed if he is paroled. There is no certitude that plaintiff will be subjected to the current

3

statutory requirements; and, for that reason, plaintiff's claim is not ripe. *Accord, Rodriguez v. Texas*, 71 S.W.3d 800 (Tex. App.--Texarkana 2002, no pet.)(citing *People v. Griffin*, 171 Misc.2d 145, 652 N.Y.S.2d 922, 926 n.3 (N.Y.Sup.Ct. 1996)(defendant's challenge to registration and notification requirements of a sex offender registration act is not ripe where the defendant has no obligation to register until the completion of the incarceration). Because plaintiff's claim is not yet ripe, there is no present case or controversy before the Court; and this claim for injunctive relief must be dismissed for want of jurisdiction.

*Monetary Relief*

As to plaintiff's request for monetary relief from defendant SHIPMAN, State Parole Board Members are absolutely immune from liability for damages in a § 1983 action. *Hilliard v. Board of Pardons and Paroles*, 759 f.2d 1190, 1193-94 (5th Cir. 1985)(citing *Johnson v. Wells*, 566 F.2d 1016, 1018 (5th Cir. 1978); *see, also, Cruz v. Skelton*, 502 F.2d 1101 (5th Cir. 1974). Plaintiff's claim for monetary relief against defendant SHIPMAN lacks an arguable basis in law and is frivolous. *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

**CONCLUSION**

Pursuant to Title 28, United States Code, sections 1915A and 1915((e)(2), as well as Title 42, United States Code, section 1997e(c)(1),

IT IS HEREBY ORDERED:

The referral of the instant cause to the United States Magistrate Judge is hereby withdrawn.

Plaintiff's Civil Rights Claims are DISMISSED AS FRIVOLOUS WITH PREJUDICE TO BEING ASSERTED AGAIN UNTIL THE *HECK* CONDITIONS ARE MET, *Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996), WITHOUT PREJUDICE FOR WANT OF

JURISDICTION, AND WITH PREJUDICE AS FRIVOLOUS.  Plaintiff's claims sounding in habeas are DISMISSED WITHOUT PREJUDICE.

LET JUDGMENT BE ENTERED ACCORDINGLY.

All pending motions are DENIED.

The Clerk will mail a copy of this Order to the plaintiff, and to any attorney of record by first class mail.  The Clerk will also mail a copy to TDCJ-Office of the General Counsel, P.O. Box 13084, Capitol Station, Austin, TX  78711 and to the Pro Se Clerk at the U.S. District Court for the Eastern District of Texas, Tyler Division.

IT IS SO ORDERED.

ENTERED this 18th day of April, 2008.

/s/ Mary Lou Robinson
MARY LOU ROBINSON
UNITED STATES DISTRICT JUDGE